No. 24-5736

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 5, 2024
KELLY L. STEPHENS, Clerk

In re: DALE CONRAD MCQUISTON,

    Movant.

O R D E R

Before: DAVIS, MATHIS, and BLOOMEKATZ, Circuit Judges.

Dale McQuiston, a pro se federal prisoner, moves for authorization to proceed with a second or successive 28 U.S.C. § 2255 motion. The government opposes the motion. For the following reasons, we deny the motion.

In 1991, a jury convicted McQuiston of armed bank robbery, possessing a firearm during a crime of violence, and three counts of possessing a firearm after conviction of a felony. The court enhanced McQuiston's sentence under the Armed Career Criminal Act (ACCA) and imposed a total sentence of 387 months of imprisonment. This court affirmed. *United States v. McQuiston*, 972 F.2d 349 (6th Cir. 1992) (per curiam) (table); *United States v. McQuiston*, 1 F.3d 1242 (6th Cir. July 12, 1993) (table). In 2019, the district court denied McQuiston's § 2255 motion and declined to grant him a certificate of appealability (COA). McQuiston did not seek a COA from this court.

McQuiston has now moved for authorization to file a second or successive § 2255 motion raising two claims. First, McQuiston argues under *Erlinger v. United States,* 602 U.S. 821 (2024), that his sentence enhancement under the ACCA is invalid because a jury did not unanimously determine that he committed his prior offenses on separate occasions. Second, he argues that a two-point enhancement should be reevaluated due to an unspecified change in the law.

Before we may grant permission to file a second or successive § 2255 motion, McQuiston must make a prima facie showing of either (1) newly discovered evidence that "would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him]

guilty of the offense" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(3).

McQuiston fails to make the necessary showing. Neither of his proposed claims relies on new facts. And neither relies on a new retroactive rule of constitutional law. First, McQuiston relies on *Erlinger* as a new rule of constitutional law, but the Supreme Court did not make its holding retroactive to cases on collateral review. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."). So, this claim does not satisfy § 2255(h).

Second, McQuiston argues that an unspecified change in the law should remove a two-point sentencing enhancement. McQuiston failed to specify which law changed and does not cite any Supreme Court ruling that would make the change retroactive for cases on collateral review. Therefore, McQuiston failed to make a prima facie showing that this claim satisfies § 2255(h).[1]

Accordingly, we **DENY** the motion for authorization to proceed with a second or successive § 2255 motion.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk

---

[1] We cannot discern from his motion whether McQuiston seeks a sentencing reduction pursuant to U.S.S.G. § 4C1.1 (U.S. Sent'g Comm'n 2023). To the extent he is, the Western District of Tennessee has stated that his pathway is 18 U.S.C. § 3582(c)(2). *See* Admin. Order No. 2023-31 (W.D. Tenn. Nov. 3, 2023). We do not opine on the whether a sentencing reduction under § 4C1.1 is appropriate.